UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) NO. 4:19 CR 1043 CDP |
| MAURICE MADISON, | ) |
| Defendant. | ) |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Maurice Madison (hereinafter "Defendant"), represented by defense counsel Mark Byrne, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the indictment, the United States agrees to move for the dismissal as to the defendant of Count Two at the time of sentencing. Moreover, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law arising out of the events set forth

in the indictment, of which the Government is aware at this time. Defendant understands that Count Two, which the United States is agreeing to dismiss at the time of sentencing, would be punishable by a mandatory minimum term of imprisonment of five (5) years, consecutive to any other term of imprisonment imposed in this case or any other case.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count One, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

(i)   One (1) Glock 29 10 mm semi-automatic handgun with ammunition; and

(ii)  $1099.00 in United States currency seized from Defendant on December 11, 2019.

**B.   The Sentence:**   The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of

any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

A. **Count One:** As to Count One, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

(i) That on or about December 11, 2019, within the Eastern District of Missouri, the Defendant possessed Fentanyl, a Schedule II controlled substance drug;

(ii) That Defendant did so knowingly and intentionally; and

(iii) That at the time Defendant possessed the Fentanyl, Defendant intended to distribute some or all of the Fentanyl to another person.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On December 11, 2019, St. Louis City Police officers observed a dark blue BMW sedan with no front license plate, heavily tinted windows, and tinted license plate cover traveling southbound on Morganford Road in the Tower Grove South Neighborhood, in the City of St. Louis, within the Eastern District of Missouri.

Officers performed a traffic stop of the vehicle, which pulled over near the intersection of Morganford Road and Beck Avenue. Defendant was the driver and sole occupant of the vehicle.

Defendant did not have a form of identification with him, and informed officers there was a loaded handgun in the vehicle. Defendant further advised officers that he had active warrants for traffic violations, which were later confirmed. During the stop of the vehicle, officers observed and ultimately seized two pills which they suspected to be controlled substances in plain view on the center console, along with a black Glock make, 29 model magazine fully loaded with 10 live 10 mm cartridges. Officers also located a Glock make, 29 model, 10 mm Auto caliber, semiautomatic pistol bearing serial # BLHR554, loaded with a live round in the chamber and 19 live cartridges in a clear, double-stack magazine in between the driver's seat and center console of the vehicle immediately to the right of where Defendant was sitting in the driver's seat. Defendant consented to a further search of the car, and police ultimately located and seized a clear, knotted plastic baggie containing 34 capsules under the steering column, in the air conditioning vent. Based upon their training and experience, officers believed the capsules to contain fentanyl. Defendant also had approximately $1099.00 in United States currency on his person, which Defendant admits was proceeds from drug sales. Defendant made a post-*Miranda* statement that he carries the firearm for protection.

The thirty-four (34) capsules recovered from Defendant's vehicle were later determined by an expert chemist with the St. Louis Metropolitan Police Department Laboratory to have a gross weight of 3.18 grams and to contain approximately 1.36 grams of a mixture or substance containing fentanyl. The two tablets recovered from the center console of Defendant's vehicle were determined be .010 grams of oxycodone and .25 grams of methamphetamine.

Expert testimony in the event of trial would establish beyond a reasonable doubt that the quantity of fentanyl and the way the fentanyl was packaged are consistent with distribution of

fentanyl. Expert testimony in the event of trial would also establish beyond a reasonable doubt that individuals trafficking in controlled substances, including fentanyl, commonly carry firearms to protect themselves, their controlled substances, and the proceeds realized from the sales of controlled substances. Defendant admits he purchased and possessed the fentanyl with the intent to distribute some or all of the fentanyl to another person. Defendant admits he possessed the firearm to protect himself, the fentanyl, and the United States currency in his possession.

The Glock make, 29 model, 10 mm Auto caliber, semiautomatic pistol bearing serial # BLHR554, along with 2 magazines (one with a 10 round capacity and one with a 20 round capacity) and 30 cartridges were submitted to the St. Louis Metropolitan Police Department Crime Laboratory. The firearm was test fired and functioned as designed by an expert firearms examiner. The expert firearms examiner found that the firearm could expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

5. **STATUTORY PENALTIES:**

   A. **Statutory Penalties**: The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

   (i) **Count One**: imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not less than three years.

6. **U.S. SENTENCING GUIDELINES: 2016 MANUAL**

   The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing

Guidelines Total Offense Level provisions that apply:

    A.    **COUNT ONE: Possession with Intent to Distribute Fentanyl**

    (i)    **Chapter 2 Offense Conduct**:

    (a)    **Base Offense Level**: The parties recommend that as to Count One, the base offense level is 12 as found in U.S.S.G §2D1.1(c)(14). The parties agree that the quantity of fentanyl for which the defendant is accountable, including relevant conduct, is less than 4 grams of fentanyl, resulting in the agreed Base Offense Level.

    (b)    **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply: 2 levels should be added pursuant to Section 2D1.1(b)(1) because the Defendant the defendant possessed a firearm.

    (ii)    **Chapter 3 and 4 Adjustments**:

    (a)    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the

information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

  **C.** **Estimated Total Offense Level**: Based on these recommendations, the parties estimate that the Total Offense Level is as follows:

  **(i)** **Count One:** The parties agree that the Total Offense Level for Count One is 12, unless Defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

  **D.** **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

  **E.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.

The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   **A.** **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **i.** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute.

   **ii.** **Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

   **B.** **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective

assistance of counsel.

    **C.**    **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

    **A.**    **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

    **B.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

    **C.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D.    Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing.   Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.    Possibility of Detention:**   The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.    Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, costs of incarceration, and costs of supervision.   The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.    Forfeiture:**   The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

(i)    One (1) Glock 29 10 mm semi-automatic handgun with ammunition; and

(ii)   $1099.00 in United States currency seized from Defendant on December 11, 2019.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture

carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

9.     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no

trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

11-3-20
Date

LISA M. YEMM, #64601MO
Assistant United States Attorney

Nov 3, 2020
Date

MAURICE MADISON
Defendant

Nov 3 2020
Date

MARK BYRNE
Attorney for Defendant

Page 13 of 13